UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO S. FARIAS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FCM CORPORATION, *et al.*,<br><br>　　　　　Defendants. | Civil No. 10cv260 L(CAB)<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND TO EXPUNGE LIS PENDENS [doc. nos. 16, 17]; DENYING MOTION TO WITHDRAW AS ATTORNEY [doc. #27]** |

Litton Loan Servicing moves to dismiss plaintiff's complaint and to expunge lis pendens, and Kent Wilson moves to withdraw as counsel of record for plaintiff Aurelio S. Farias. The motions have been fully briefed. The Court considers these motions on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.    Motion to Dismiss**

　　**1.    Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). A *pro se* plaintiff's pleadings are read liberally. *Hebbe v. Pliler,* 2010 WL 2947323 *3 (9th Cir. July 29, 2010)

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

**2.     Background**

Plaintiff brought this action on February 2, 2010, against defendants FCM Corporation, Quality Loan Service Corp., and Litton Loan Servicing[1] alleging a variety of causes of action related to a home mortgage loan. FCM was the lender on the loan transaction; Litton was the servicing company on the loan; and Quality was the trustee under the Deed of Trust.

The complaint sets forth that plaintiff executed a promissory note to defendant FCM on September 1, 2006, that was secured by a deed of trust. In time plaintiff failed to make

---

[1] On August 9, 2010, defendant FCM Corporation was dismissed without prejudice for plaintiff's failure to serve within the 120-day period found in Federal Rule of Civil Procedure 4(m). Defendant Quality Loan Service Corporation filed a declaration of nonmonetary status under California Civil Code § 29241 as the trustee under the Deed of Trust.

payments under the terms of the note and as a result of his defaults, foreclosure was initiated on the property. A Notice of Trustee's Sale was recorded on September 25, 2009 and on December 7, 2009, the foreclosure sale of the property occurred. On February 2, 2010, plaintiff recorded a Notice of Pendency of Action.

Litton's pending motion to dismiss is directed to the two causes of action brought against it: plaintiff's fourth cause of action for quiet title and fifth cause of action for accounting and violation of 12 U.S.C. § 2605(e) and 24 C.F.R. § 3500.

**3.    Quiet Title**

A plaintiff may bring an action to quiet title "to establish title against adverse claims to real or personal property or any interest therein." CAL. CODE CIV. P. § 760.020(a). The Code defines a "'Claim' [as] includ[ing] a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." CAL. CODE. CIV. P. § 760.010(a). To state a claim to quiet title, a complaint must be verified and include (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. CAL. CIV. PRO. § 761.020.

Plaintiff states that he has alleged fraud in his complaint and as a result, has properly pleaded the basis of his quiet title cause of action. Although unclear, it appears plaintiff is suggesting that the fraud allegations, which the Court notes have not been pleaded with particularity, would support rescission and therefore, would sustain a claim to quiet title.

The complaint contains no allegations with respect to the interest claimed by Litton in the property likely because Litton was the loan servicer and had no ownership interest in the property. Also, the complaint does not set forth facts sufficient to show that Litton has asserted an adverse claim to plaintiff's title. Furthermore, the complaint is not verified. The Court concludes that the complaint fails to state a claim against Litton for quiet title.

Because Litton did not have an ownership interest in the Property, plaintiff cannot cure the pleading deficiencies of the complaint and this claim against Litton is dismissed with

prejudice.

### 4. Accounting based on violation of RESPA

Plaintiff's fifth cause of action alleges that Litton violated RESPA by failing to respond to his Qualified Written Request ("QWR") and therefore, plaintiff seeks an accounting based on this alleged violation.

RESPA requires "any servicer of a federally related mortgage loan" to respond in writing within a specified period to a QWR "from the borrower (or an agent of the borrower) for information relating to the servicing of such loan. . . ." 12 U.S.C. § 2605(e) (1)(A). RESPA defines a QWR as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Plaintiff has not provided a copy of the letter he states he sent to Litton and the complaint fails to provide factual allegations demonstrating that the QWR included information that would enable Litton to identify the borrowers' names and account, as well as a statement of the reasons the borrowers believed the account was in error.

Under section 2605(f)(1), plaintiff must, at a minimum, allege the "actual damages" he suffered as a result of Litton's failure to respond to his QWR. *See Sanchez v. Bear Stearns Residential Mortgage Corp.*, 2010 U.S. Dist. LEXIS 46043 *11-12 (S.D. Cal.) (citing *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895, 909 (C.D. Cal. 2009)); *Garibay v. American Home Mortgage Corp.*, 2010 U.S. Dist. LEXIS 29071 *6-9 (S.D. Cal.). In the present complaint there are no allegations that plaintiff suffered "actual damages ... as a result of [Litton's] failure" to respond to his QWR. 12 U.S.C. § 2605(f)(1)(A). Nor are there factual allegations suggesting a "a pattern or practice of noncompliance" with RESPA. 12 U.S.C. § 2605(f)(1)(B). Without factual allegations of actual damages or a pattern or practice of noncompliance, plaintiff cannot state a claim under RESPA. *See Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp.2d 895,

909-10 (C.D. Cal. 2009). But even if plaintiff stated a claim under RESPA, he seeks an accounting and actual and statutory damages based on RESPA. But there is no statutory basis for an accounting under RESPA. *See Orozco v. DHI Mortgage, Co. Ltd, LP*, 2010 WL 2757283, \*6 (S.D. Cal. 2010) (citing *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, \*13 (C.D. Cal.2009)).

Even if the Court construes plaintiff's complaint as seeking an accounting independent of RESPA, the claim fails. "An accounting cause of action is equitable in nature, and may be sought 'where . . . the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" *Civic W. Corp. v. Zilla Indus. Inc.*, 135 Cal. Rptr. 915, 923 (Cal. Ct. App. 1977). The party seeking an accounting must be a "wronged fiduciary." *See Glue-Fold, Inc. v. Slautterback Corp.*, 98 Cal. Rptr.2d 611, 663 n. 3 (Cal. Ct. App. 2000). "'A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain.'" *Id.* (citation omitted).

The facts alleged in the complaint do not demonstrate any sort of fiduciary relationship between plaintiff and Litton. *See Nymark*, 231 Cal. App. 3d at 1096. Moreover, there are no allegations that these accounts are particularly complicated or that there is no adequate remedy at law. *Civic W.*, 135 Cal. Rptr. at 923. As such, plaintiff has failed to state a claim for an accounting.

**B.      Motion to Expunge Lis Pendens**

Plaintiff recorded a lis pendens on the property at issue under California Civil Code §§ 405.31 and 405.32. A lis pendens effectively prevents a sale or encumbrance of the property until litigation is resolved or the lis pendens is expunged. *See Kirkeby v. Superior Court*, 33 Cal. 4th 642. 651 (2004).

A court "shall order the notice [of pendency] expunged if . . . the pleading on which the notice is based does not contain a real property claim." CAL. CIV. CODE § 405.31. A "real property claim" is defined, *inter alia*, as a cause of action "which would, if meritorious, affect . .

. title to, or the right to possession of, specific real property. . . ." CAL. CIV. CODE § 405.4.  A plaintiff bears the burden of establishing, by a preponderance of the evidence, the probable validity of the claims.

The complaint has been dismissed as to defendant FCM Corporation for failure to serve the complaint.  The two claims asserted against defendant Litton have been dismissed and the sole real property claim for quiet title has been dismissed with prejudice.  Quality Loan Service Corporation, as the trustee under the Deed of Trust, has no interest in the real property.  As a result of the dismissals, plaintiff has alleged no "real property claim" and the lis pendens is properly expunged.

**C.    Motion to Withdraw as Attorney**

On October 18, 2010, Kent Wilson, Esq., counsel for plaintiff, filed a pleading styled as a "Notice of Withdraw of Counsel," which he docketed as a motion to withdraw.[2]

An attorney representing a client before a tribunal may not withdraw except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); CAL. R. PROF. CONDUCT 3-700(A)(1).  Accordingly, a notice alone is insufficient to accomplish withdrawal. Because Mr. Wilson's filing is styled as a "notice," this is insufficient, and the notice is rejected.

Without an explanation, Mr. Wilson represents that he is withdrawing based on California Rule of Professional Conduct 3-700(B)(3).  Rule 3-700(B)(3) applies when an attorney's "mental or physical condition renders it unreasonably difficult to carry out the employment effectively."  This is at odds with Mr. Wilson's representations to the Court.  At the hearing held on September 22, 2010, he represented that he had already resigned from the Bar and was no longer an attorney.  The Court is therefore not inclined to grant leave to withdraw under Rule 3-700(B)(3).

Finally, this court requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California, and decisions of any court applicable

---

[2] In general, attorneys must electronically file their pleadings in this District.  *See* Civ. Local Rule 5.4.  In the process they create docket entries in the court's file and are able to designate their filings as, for example, a motion or a notice.

thereto." Civ. Loc. R. 83.4(b). Pursuant to California Rule of Professional Conduct 3-700(A)(2), an attorney may not withdraw until he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the right of the client." Mr. Wilson has not indicated if, or how, he has protected his clients from reasonably foreseeable prejudice occasioned by his withdrawal. Mr. Wilson's motion to withdraw is therefore denied on this alternative ground.

For the foregoing reasons, Mr. Wilson's notice of withdrawal will be rejected and, to the extent the notice can be construed as a motion for leave to withdraw, it will be denied.

**D.  Conclusion**

Based on the foregoing, **IT IS ORDERED**:

a. Defendant's motion to dismiss causes of action 4 and 5 asserted against defendant Litton is **GRANTED**;

b. Defendant's motion to expunge lis pendens is **GRANTED.** The Lis Pendens recorded on February 4, 2010, as Instrument No. 2010-0056909 in the official records of San Diego County shall be expunged from the official records, and a copy of this Order may be recorded in the official records;

c. Directing the Clerk of the Court to close this case; and

d. Counsel Kent Wilson's motion to withdraw as counsel of record is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 18, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL